UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
MICHAEL NOCELLA and the
NOCELLA AGENCY,

                                                                    **REPORT AND**
                                                                      **RECOMMENDATION**
                           Plaintiffs,                 CV 18–1995 (ADS)(AYS)

       -against-

ALLSTATE INSURANCE COMPANY,
ALLSTATE LIFE INSURANCE
COMPANY, ALLSTATE
LIFE INSURNCE COMPANY OF
NEW YORK, ALLSTATE T.F.I.,
ANKUR CHARTUVEDI, NANCY
FEUSTEL and GREGORY DAMADEO,

                           Defendants.
----------------------------------------------------X
**SHIELDS, Magistrate Judge,**

      This action arises from an employment termination dispute between Plaintiffs Michael Nocella and the Nocella Agency (collectively "Nocella" or "Plaintiffs") and Defendants Allstate Insurance Company, Allstate Life Insurance Company, Allstate Life Insurance Company of New York, Allstate T.F.I. (collectively "Allstate"), and individual Defendants Ankur Chartuvedi ("Chartuvedi"), Nancy Feustel ("Feustel"), and Gregory Damadeo ("Damadeo") (collectively "Defendants"). The case was originally filed in New York State Supreme Court and removed to this Court on the basis of diversity jurisdiction.

      Presently before this Court, upon referral by the Honorable Arthur D. Spatt for Report and Recommendation, see Docket Entry ("DE") [26], is Plaintiffs' motion to remand the action back to state court based on the joinder of three non-diverse Defendants, Chartuvedi, Feustel and

1

Damadeo and for attorneys' fees and costs associated with its removal to this Court.[1] DE [8]. Allstate opposes this motion, contending that Plaintiffs fraudulently joined the non-diverse Defendants for the sole purpose of destroying federal jurisdiction. For the reasons discussed below, this Court respectfully recommends that Plaintiffs' motion to remand be granted but the attorneys' fees and costs be denied.

## BACKGROUND

I.  Facts

    A.  The Parties

Plaintiff Michael Nocella, a resident of Suffolk County, New York, was an insurance agent who represented Allstate under an exclusive agency agreement (the "Agreement") with Allstate. Am. Compl. ¶¶ 5, 21, DE [7]. The Nocella Agency, which is licensed under the laws of New York with its principal place of business in Holbrook, New York, also began operating business under the Agreement with Allstate. Id. ¶¶ 6, 21.

Defendant Allstate Insurance Company is incorporated in Illinois with a "home office" in Illinois. Am. Compl. ¶ 7. Defendant Allstate Life Insurance Company is a wholly owned subsidiary of Allstate Insurance Company also with its principal place of business in Illinois. Id. ¶ 8. Allstate Life Insurance Company is also a New York Foreign Corporation. Id. ¶ 8. Allstate T.F.I is an active New York Foreign business corporation and its registered agent, Allstate Life Insurance Company, conduct business in New York under Allstate T.F.I. Id. ¶ 9. Allstate Life Insurance Company of New York is a wholly owned subsidiary of Allstate Life Insurance

---

1. Also referred to this Court is Defendants' Motion to Dismiss, see DE [15] and [26], which is rendered moot due to this Court' recommendation that Plaintiffs' motion to remand be granted.

2

Company, which is incorporated in New York, with a principal place of business located in Hauppauge, New York. Id. ¶ 10.

Defendant Chartuvedi is an individual and a resident of New York State, who is employed as a territorial sales leader by Allstate. Am. Comp. ¶ 12.

Defendant Damadeo is an individual and a resident of New York State who is employed as a field sales leader by Allstate. Am. Compl. ¶ 13.

Defendant Feustel, is an individual and a resident of New York State who is employed in the Human Resources Division by Allstate. Am. Compl. ¶ 14.

B.   The Termination

Michael Nocella was an Allstate agent who operated a sales location, the Nocella Agency, pursuant to the Agreement with Allstate that had been in effect from September 1, 2014. See Am. Compl. ¶¶ 6, 21. The Agreement covered a variety of topics, among them, termination.

Section XVII of the Agreement governs termination and provides, inter alia, that the Agreement may be terminated:

> 1. At any time by mutual agreement of the parties in writing;
> 2. By either party, with or without cause, upon providing ninety (90) days prior written notice to the other side…; or
> 3. Alternatively, by the Company, with cause, immediately upon providing written notice to you, Cause may include, but is not limited to, breach of this Agreement, fraud, forgery, misrepresentation, or conviction of a crime. The list of examples of cause just stated shall not be construed to exclude any other possible ground as cause for termination.

Am. Compl. ¶ 141; Ex. A. Agency Agreement, Section XVII(B), DE [7-1].

By letter dated March 1, 2018, Allstate notified Nocella that it was terminating their Agreement for cause. Am. Compl. ¶¶ 61, 64. Among Allstate's stated reasons for issuing the termination letter include Allstate's belief, after an investigation, that Nocella submitted

3

fraudulent information to obtain an Allstate homeowner's insurance policy in violation of the Agreement. Id. ¶¶ 56, 64.

The March 1, 2018 letter also informed Nocella that he had ninety (90) days to find a purchaser of his business and explained the procedure should Allstate ultimately purchase his book of business. Am. Compl. ¶ 61. On March 19, 2018, Allstate issued a commission payment to Nocella for business processed through February 20, 2018, and, in April 2018, Nocella was paid a prorated commission amount for March 1, 2018. Id. ¶ 79.

C.   Procedural History

Plaintiffs commenced this action on March 10, 2018 in the Supreme Court of the State of New York, Suffolk County, by filing a Summons and Verified Complaint for declaratory Judgment and Equitable Relief against Allstate Insurance Company. See DE [1-1]. On March 14, 2018, Plaintiffs filed an "Order to Show Cause Request for a Temporary Restraining Order" (the "TRO") seeking temporary and preliminary injunctive relief enjoining Allstate from, inter alia, terminating the Agreement. See DE [1-2]. On March 15, 2018, the TRO was entered, ultimately granting certain injunctive relief pending the return date on Plaintiffs' application for a preliminary injunction but denying certain other relief. See DE [1-4].

Plaintiffs never served the Summons and Verified Complaint upon Allstate Insurance Company pursuant to New York Civil Practice Law and Rules ("CPLR"), or as required by the TRO. See DE [1-5]. On March 19, 2018, Allstate moved to modify the TRO pursuant to CPLR § 6314. See DE [1-5]. On March 29, 2018, Allstate's motion was granted, and an Order Modifying the TRO was entered pending the Order to Show Cause return date. See DE [1-8].

On April 3, 2018, Allstate removed the action on the basis of diversity jurisdiction to this Court. See DE [1]. The temporary restraints in the Modified TRO expired on April 17, 2018

4

pursuant to Rule 65(b)(2) of the Federal Rules of Civil Procedure. On June 8, 2018, Plaintiffs filed an Amended Complaint adding the Allstate corporate entities and the three individual defendants. See Am. Compl. The Amended Complaint alleges twenty causes of action, with six tort causes action specifically asserted against the three individual defendants. Id. On the same date, Plaintiffs filed the instant motion to remand the action to the State Court. See De [8]. In addition to opposing the instant motion, Defendants filed a separate motion to dismiss the Amended Complaint. See DE [15].

Upon briefing, the remand motion was referred to this Court for report and recommendation.  See DE [26].

III.    The Motion to Remand

Plaintiffs seek to remand the action back to state court arguing that Chartuvedi, Damadeo, and Feustel's joinder has destroyed diversity and the Court has therefore been divested of subject matter jurisdiction. Plaintiffs also seek attorneys' fees and costs associated with its removal to this Court. Defendants oppose remand, asserting that diversity is assessed at the time the action is filed, and therefore the joinder of the three individual defendants has not stripped the Court of jurisdiction. Alternatively, Defendants argue that Plaintiffs have no chance to obtain relief from Chartuvedi, Damadeo, and Feustel and that their "fraudulent joinder" cannot destroy diversity jurisdiction.

Having summarized the relevant facts, the Court turns to the merits of the motion.

DISCUSSION

I.      Legal Standard

   A.    28 U.S.C. § 1447(e)

5

The federal removal statute provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). According to the Second Circuit, "[i]n light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269, 274 (2d Cir. 1994) (internal citation omitted). "'Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined.'" Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 109 (1941) (quoting Healy v. Ratta, 292 U.S. 263, 270 (1934)). Therefore, the party seeking removal bears the burden of proving that the jurisdictional and procedural requirements of removal have been met. Burr v. Toyota Motor Credit Co., 478 F. Supp. 2d 432, 436 (S.D.N.Y. 2006) (citing Mehlenbacher v. Akzo Nobel Salt, Inc., 216 F.3d 291, 296 (2d Cir. 2000)).

Where, as here, "removal is based on diversity jurisdiction; there must be complete diversity of citizenship between the plaintiff(s) and defendant(s)." Sons of the Revolution in New York Inc. v. Travelers Indem. Co. of Am., 2014 WL 7004033, at *2 (S.D.N.Y. Dec. 11, 2014). Completed diversity existed at the time Allstate removed the action to this Court. Plaintiffs then, however, joined two non-diverse Defendants and sought remand for lack of jurisdiction. Accordingly, Section 1447(e), which states "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court," applies. 28 U.S.C. §

6

1447(e); see also id. at § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). "[T]he decision to join new parties, even if those parties destroy diversity and require a remand, is within the sound discretion of the trial court." Moncion v. Infra–Metals Corp., 2002 WL 31834442, at *2 (S.D.N.Y. Dec. 18, 2002); McGee v. State Farm Mut. Auto. Ins. Co., 684 F. Supp. 2d 258, 261 (E.D.N.Y. 2009). However, "[j]oinder is appropriate under § 1447(e) only when the new parties are proper under Rule 20(a) of the Federal Rules of Civil Procedure." Hosein v. CDL W. 45th St., LLC, 2013 WL 4780051, at *4 (S.D.N.Y. June 12, 2013) (citing Vanderzalm v. Sechrist Indus., Inc., 875 F. Supp. 2d 179, 183 (E.D.N.Y. 2012)).

II.   Fraudulent Joinder

There is no dispute that complete diversity does not exist as the parties are currently constituted. Plaintiffs and Defendants Chartuvedi, Damadeo, and Feustel are all citizens of New York. Am. Compl. ¶¶ 5-6, 12-14. Plaintiffs contend that Chartuvedi, Damadeo, and Feustel were properly joined under Rule 20(a)(2) and thus, this action must be remanded. Defendants claim that remand is not required because joinder was fraudulently undertaken to defeat this Court's diversity jurisdiction. See MBIA Ins. Corp. v. Royal Bank of Can., 706 F. Supp. 2d 380, 388 (S.D.N.Y. 2009); Intershoe, Inc. v. Filanto S.P.A., 97 F. Supp. 2d 471, 474 (S.D.N.Y. 2000) ("An exception to th[e] principles [of diversity] applies when a non-diverse party is 'fraudulently joined' in order to defeat complete diversity"). In determining whether to permit joinder of a non-diverse defendant and remand the matter, the Court must engage in a two-step analysis. See McGee, M.D. v. State Farm Mutual Automobile Ins. Co., 684 F. Supp. 2d 258, 262 (E.D.N.Y. 2009). First, the Court must determine whether "joinder [is] merely permissible under Rule 20 of the Federal Rules of Civil Procedure." Id. If joinder is permissible,

the Court must then "ascertain whether the balancing of certain relevant considerations weighs in favor of joinder and its necessarily attendant remand." Id. (quoting Roll On Express, Inc. v. Travelers Indem. Co. of Connecticut, 2009 WL 1940731, at *2 (E.D.N.Y. July 2, 2009)).

     A.     Permissive Joinder under Rule 20(a)(2)

Rule 20(a)(2) permits joinder when "any right to relief is asserted against [the defendants] jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Plaintiffs' Amended Complaint asserts breach of contract claims against Allstate as well as tort claims against Chartuvedi, Damadeo and Feustel for inter alia, negligent misrepresentation, breach of fiduciary duty, and intentional infliction of emotional distress seeking damages allegedly suffered when Plaintiffs' employment contract was terminated. Because Plaintiffs' claims against the three individual defendants clearly arise out of the same transaction as their claims against the other defendants and will certainly raise common questions of law and fact, joinder of Chartuvedi, Damadeo and Feustel is permissible.

     B.     The Fundamental Fairness of Joinder

Turning to the second step of the inquiry, the critical issue is whether joinder comports with principles of fundamental fairness. In resolving that issue, the Court utilizes the four-factor test first crystallized in Gursky v. Northwestern Mut. Life Ins. Co., 139 F.R.D. 279, 282 (E.D.N.Y. 1991) and routinely used by the courts of this Circuit. See Abraham Natural Foods Corp. v. Mount Vernon Fire Ins. Co., 576 F. Supp. 2d 421, 425 (E.D.N.Y. 2008); McGee, 684 F. Supp. 2d at 263 (citing cases). The four factors are: (1) whether the plaintiff has unduly delayed moving to amend and its reason(s) for doing so; (2) whether the defendants will be prejudiced

8

by remand; (3) whether there is a likelihood of multiple litigations in the event that joinder is not ordered; and (4) whether the plaintiff was motivated to amend to destroy jurisdiction. The factors, though not exclusive, aid the Court in "weigh[ing] the competing interests in efficient adjudication and the need to protect diversity jurisdiction from manipulation." Abraham, 576 F. Supp. 2d at 425.

All four factors weigh in favor of remand. As for the first factor, only two months elapsed between Defendants' removal and Plaintiffs' joinder of the three individual defendants. Defendants removed this action on April 3, 2018 and Plaintiffs amended the complaint on June 8, 2018. Based on the facts of this case, and its state court procedural history, this relatively brief delay is not unreasonable. Defendants do not contend that Plaintiffs acted in bad faith in delaying or claim that they have been unfairly prejudiced by the delay. "Absent a showing of bad faith or undue prejudice, 'mere delay' does not provide a basis for the district court to deny the right to amend." Roll On Express, Inc., 2009 WL 1940731, at *3 (citing cases). As for the second factor, defendants do not contend that they will be prejudiced by remand and the Court cannot think of any way in which they would. Turning to the third factor, the Court finds that there is a likelihood of multiple litigations in the event that joinder is not permitted. Plaintiffs initially sued in state court and the Court has no reason to believe that they will not file suit against Chartuvedi, Damadeo, and Feustel there in the event that joinder is not permitted.

The fourth factor, whether Plaintiffs were motivated to join Chartuvedi, Damadeo, and Feustel to destroy removal, also weighs in favor of remand. In determining a plaintiff's motivation, courts typically look to the timing of the joinder, the circumstances of the case, and whether there is a cause of action against the non-diverse defendant. See Sonn, 2006 WL 2546545, at *3. Although Defendants argue that Plaintiffs knew of these three individuals before

9

filing the original complaint, Plaintiffs contend that they learned additional facts subsequent to filing the original complaint which warranted their addition as parties to this action. Where, as here, a plaintiff "discovers new information, subsequent to filing its complaint, that warrants the addition of new parties," courts have routinely held that no inference arises that the plaintiff was motivated to join the defendant solely to defeat jurisdiction. See Roll On Express, Inc., 2009 WL 1940731, at *6 (citing cases).

Nonetheless, defendants insist that remand should be denied because Plaintiffs' joinder is "fraudulent" in that they have no recognizable claims against Chartuvedi, Damadeo, and Feustel. "A plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection with the controversy." Briarpatch Ltd., L.P. v. Pate, 81 F. Supp. 2d at 516 (citing Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 460–61 (2d Cir.1998) (citing cases)). To show fraudulent joinder, however:

> the defendant must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court. The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff.

Id. (citing Pampillonia, 138 F.3d at 461).

In addition, "courts apply the state pleading rules relevant to the particular pleading at issue in deciding whether a plaintiff could have asserted a viable claim in state court based on that pleading," MBIA Insurance Corp. v. Royal Bank of Canada, 706 F. Supp. 2d 380, 394 (S.D.N.Y. 2009) (citing cases), and "the complaint is subjected to 'less searching scrutiny than on a motion to dismiss for failure to state a claim,'" Campisi v. Swissport Cargo Services.

10

LP, 2010 WL 375878, at *2 (E.D.N.Y. Jan. 26, 2010) (quoting Intershoe, Inc. v. Filantro SPA, 97 F. Supp. 2d 471, 474 (S.D.N.Y. 2000)).

Defendants have not met their heavy burden of demonstrating by clear and convincing evidence that there is *"*no possibility, based on the pleadings," that Plaintiffs can state a cause of action against the three individual defendants under state law. Plaintiffs allege in their Amended Complaint that Chartuvedi was the "Territorial Sales Leader" and his role was "ensuring compliance regulatory and company policies and standards" as well as "overseeing communications between Nocella and his FSL, Damadeo" and that when Nocella realized he was under investigation he requested assistance from Chartuvedi as well as Damadeo but received no responses.  Am. Compl. ¶¶ 32, 47-48, 57-58. Plaintiffs make similar allegations against Damadeo, the field sales leader who Plaintiffs also claim was responsible for building and maintaining Nocella's relationship with Allstate. Id. ¶¶ 32-36, 57-58.  With regard to Feustel, the human resources point of contact provided to Nocella, Plaintiffs allege that she deliberately and intentionally avoided Nocella's calls and/or hung up on him when she did answer. Id. ¶¶ 51-55. Defendants broadly argue that Plaintiffs tort-based claims against the three individual defendants will not survive a motion to dismiss.

Defendants seek to have this Court improperly review the merits of Plaintiffs' claims against Defendants upon consideration of a motion to remand. For this Court to conduct such an inquiry would run counter to the well-settled standard for reviewing a fraudulent joinder claim in opposition to a motion to remand, which provides that "[t]he strength of plaintiffs' case ... is not relevant' " to resolution of such a motion. Dexter v. AC&S Inc., 2003 WL 22725461, at *2 (S.D.N.Y. Nov. 18, 2003) (quoting Arseneault v. Congoleum Corp., 2002 WL 472256, at *8 (S.D.N.Y. Mar. 26, 2002)). "Indeed, it is not even enough for [the

11

defendants asserting fraudulent joinder] to show that Plaintiffs' cause of action against [the non-diverse defendant] would not survive a motion to dismiss." Id. (internal citation omitted); see Stan Winston Creatures, Inc. v. Toys' "R" Us, Inc., 314 F. Supp. 2d 177, 182 (S.D.N.Y. 2003) ("A defendant may not use removal proceedings as an occasion to adjudicate the substantive issues of a case.'") (quoting 14B Wright, Miller & Cooper § 3721, at 331). Whether Chartuvedi, Damadeo, and Feustel owed and/or breached a fiduciary duty to Plaintiffs, inter alia, is a question of fact that cannot be resolved at the pleading stage. Thus, while Defendants may ultimately prevail in state court, the Court cannot say that there is no possibility that Plaintiffs will prevail and "[a]ny possibility of recovery, however slim, weighs against a finding of fraudulent joinder and in favor of remand." DNJ Logistic Group, Inc. v. DHL Exp. (USA), Inc., 727 F. Supp. 2d 160, 171 (E.D.N.Y. 2010) (quoting Winters v. Alza Corp., 690 F. Supp. 2d 350, 353 (S.D.N.Y. 2010)). Plaintiffs' Amended Complaint asserts breach of fiduciary duty claims, negligent misrepresentation claims, and intentional infliction of emotional distress claims against Chartuvedi, Damadeo, and Feustel. While this Court takes no position regarding whether there are weak spots in Plaintiffs' amended pleadings that may leave its claims vulnerable to dismissal in state court, it is clear that Defendants have not met their heavy burden of proving there is "no possibility" that Plaintiffs might be found by some New York court to have stated colorable claims against the three individual Defendants.

Accordingly, this Court recommends that this case be remanded. Whether Defendants are correct that Plaintiffs' claims are without merit is an issue that can be taken up in state court.

C. Attorney's Fees

Plaintiffs seek an award of costs and actual expenses, including attorneys' fees, incurred as a result of the removal of the action. Section 1447(c) provides that a district court may, in its

12

discretion, "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. 1447(c); see Morgan Guaranty Trust Co. of New York v. Republic of Palau, 971 F.2d 917, 924 (2d Cir.1992) ("The statute as a whole ... affords a great deal of discretion and flexibility to the district courts in fashioning awards of costs and fees."). The statute does not require the party seeking costs and fees to demonstrate that the removing party acted in bad faith. Id. at 923–24. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005); see also Kuperstein v. Hoffman-Laroche, Inc., 457 F. Supp. 2d 467, 472 (S.D.N.Y. 2006) (stating that courts have awarded costs when "defendants ... failed to establish a reasonable basis for removal," but that the "mere fact that the defendant fail[ed] to carry his burden" does not justify an award) (internal quotation marks and footnote omitted).

The Court, in its discretion, denies costs and attorneys' fees. Although Defendants did not prevail in opposing the motion to remand, the removal was objectively reasonable considering the circumstances and the nature of the case. See Intershoe, 97 F. Supp. 2d at 476 (declining to award costs and attorney'' fees "[i]n light of the subtleties involved in applying fraudulent joinder principles to non-diverse plaintiffs ..., as well as the absence of any clear showing that plaintiffs have been prejudiced by the delays associated with removal"). As there is no evidence that Plaintiffs have been prejudiced by the removal, this Court respectfully recommends that the parties should bear their own costs.

CONCLUSION

For the foregoing reasons, this Court respectfully recommends that Plaintiffs' motion to remand and for attorneys' fees and costs associated with the removal, appearing as Docket Entry No. 8 herein, be granted in part and denied in part. This Court recommends that the motion to remand the case be granted but that attorneys fees and costs associated with the removal be denied.

OBJECTIONS

A copy of this Report and Recommendation is being provided to all counsel via ECF.  Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of filing of this report.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b).  Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections.  Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals. Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision").

Dated: Central Islip, New York
February 6, 2019

       /s/ Anne Y. Shields
      Anne Y. Shields
      United States Magistrate Judge