FILED
CLERK
11:52 am, Mar 27, 2019
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
MICHAEL NOCELLA and
THE NOCELLA AGENCY,

                Plaintiffs,

     -against-

ALLSTATE INSURANCE COMPANY,
ALLSTATE LIFE INSURANCE COMPANY
OF NEW YORK, ALLSTATE LIFE
INSURANCE COMPANY, ALLSTATE T.F.I.,
ANKUR CHATURVEDI, NANCY FEUSTEL
and GREGORY DAMADEO,

                Defendants.
---------------------------------------------------------X

**MEMORANDUM OF
DECISION & ORDER**
2:18-cv-01995 (ADS)(AYS)

**APPEARANCES:**

**Anthony Paul Delluniversita, Esq., Of Counsel.**
*Attorney for the Plaintiffs*
2 W Main Street
Suite Se3
Bay Shore, NY 11706

**Saiber LLC**
*Attorneys for the Defendants*
18 Columbia Turnpike
Suite 200
Florham Park, NJ 07932
        By:   Michael J. Grohs, Esq.,
                  David J. D'Aloia, Esq., Of Counsel.

**SPATT, District Judge**:

       On April 3, 2018, defendant Allstate Insurance Company ("Allstate"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, removed to this Court the civil action of plaintiffs Michael Nocella ("Nocella") and The Nocella Agency (the "Agency"; collectively, the "Plaintiffs") against Allstate in the Supreme Court of the State of New York, Suffolk County. The Complaint asserted eleven

1

causes of action against Allstate, arising out of Allstate's termination of an Exclusive Agency Agreement with Nocella.

On June 8, 2018, the Plaintiffs filed an amended complaint adding additional Allstate corporate entities and three individual defendants. The Amended Complaint alleges twenty causes of action, with six tort causes action specifically asserted against the three individual defendants. On the same date, the Plaintiffs filed a motion to remand the action to state court and for attorney's fees incurred in drafting the motion.

On September 26, 2018, the Court referred the Plaintiffs' motion to remand to United States Magistrate Judge Anne Y. Shields.

On February 6, 2019, Judge Shields issued a Report and Recommendation ("R&R"), recommending that the Plaintiffs' motion to remand be granted but that attorney's fees and costs associated with the removal be denied.

Presently before the Court are the Defendants' objections to the R&R. For the reasons stated below, the Court overrules the Defendants' objections and adopts the R&R in its entirety.

## I. BACKGROUND

A. THE FACTS.

### 1. The Parties.

Nocella, a resident of Suffolk County, New York, was an insurance agent who represented Allstate under an exclusive agency agreement (the "Agreement") with Allstate. The Agency, which is licensed under the laws of New York with its principal place of business in Holbrook, New York, also began operating business under the Agreement with Allstate.

Allstate is incorporated in Illinois with a "home office" in Illinois. Allstate Life Insurance Company is a wholly owned subsidiary of Allstate also with its principal place of business in

Illinois. Allstate Life Insurance Company is also a New York Foreign Corporation. Allstate T.F.I is an active New York Foreign business corporation and its registered agent, Allstate Life Insurance Company, conducts business in New York under Allstate T.F.I. Allstate Life Insurance Company of New York is a wholly owned subsidiary of Allstate Life Insurance Company, which is incorporated in New York, with a principal place of business located in Hauppauge, New York.

Ankur Chartuvedi is an individual and a resident of New York State, who is employed as a territorial sales leader by Allstate.

Gregory Damadeo is an individual and a resident of New York State who is employed as a field sales leader by Allstate.

Nancy Feustel is an individual and a resident of New York State who is employed in the Human Resources Division by Allstate.

## 2. The Termination.

Nocella was an Allstate agent who operated a sales location, the Agency, pursuant to the Agreement with Allstate that had been in effect from September 1, 2014. See Am. Compl. ¶¶ 6, 21. The Agreement covered a variety of topics, among them, termination.

Section XVII of the Agreement governs termination and provides, inter alia, that the Agreement may be terminated:

> 1. At any time by mutual agreement of the parties in writing;
> 2. By either party, with or without cause, upon providing ninety (90) days prior written notice to the other side…; or
> 3. Alternatively, by the Company, with cause, immediately upon providing written notice to you, Cause may include, but is not limited to, breach of this Agreement, fraud, forgery, misrepresentation, or conviction of a crime. The list of examples of cause just stated shall not be construed to exclude any other possible ground as cause for termination.

Am. Compl. ¶ 141; Ex. A. Agency Agreement, Section XVII(B), DE [7-1].

By letter dated March 1, 2018, Allstate notified Nocella that it was terminating their Agreement for cause. Among Allstate's stated reasons for issuing the termination letter included Allstate's belief, after an investigation, that Nocella submitted fraudulent information to obtain an Allstate homeowner's insurance policy in violation of the Agreement.

**B. THE R&R.**

Judge Shields determined that joinder of the individual defendants, Chartuvedi, Damadeo, and Feustel, was proper, warranting the remand of the case to state court because their presence in the suit destroyed complete diversity. In reaching this conclusion, Judge Shields applied a two-step analysis asking, first, whether joinder was permissible under Rule 20 and, second, whether joinder comported with principles of fundamental fairness. *See McGee v. State Farm Mutual Automobile Ins. Co.*, 684 F. Supp. 2d 258, 262 (E.D.N.Y. 2009). Under the first step, Judge Shields found that Rule 20(a)(2) permitted joinder of the individual defendants, because the Plaintiffs' claims against them arose out of the same transaction as their claims against the other defendants and raised common questions of law and fact. Under the second step, Judge Shields found remand appropriate under the four factors traditionally used to assess fundamental fairness articulated in *Gursky v. Northwestern Mutual Life Insurance Company*, 139 F.R.D. 279 (E.D.N.Y. 1991). She ruled that the Plaintiffs had not unduly delayed moving to amend; the Defendants were not prejudiced by remand; there was a likelihood of multiple litigations in the event that joinder was not permitted; and the Plaintiffs were not motivated to amend to destroy jurisdiction.

**C. THE DEFENDANTS' OBJECTIONS.**

The Defendants object to Judge Shields' balancing of the fundamental fairness factors. Under the third factor, the Defendants argue that there is no risk of multiple litigations due to the duplicative damage award and overlapping nature of the Plaintiffs' claims. Under the fourth factor,

4

the Defendants contend that Judge Shields erred by failing to infer that the Plaintiffs amended the complaint with the deliberate purpose of destroying diversity from the fact that the Plaintiffs filed the Amended Complaint contemporaneously with the Remand Motion. The Defendants also allege that Judge Shields improperly refused to consider the fact that the Amended Complaint failed to state a claim against the individual defendants in her balancing of the factors.

## II. DISCUSSION

### A. DISTRICT COURT REVIEW OF A MAGISTRATE JUDGE'S R&R

In the course of its review of a Magistrate Judge's report and recommendation, the District Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636 (b)(1); *see DeLuca v. Lord*, 858 F.Supp. 1330, 1345 (S.D.N.Y. 1994). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific," "written," and submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." FED. R. CIV. P. 72(b)(2); accord 28 U.S.C. § 636(b)(1)(C). The district court must conduct a de novo review of those portions of the R&R or specified proposed findings or recommendations to which timely and proper objections are made. 28 U.S.C. § 636(b)(1)(C); *see* FED. R. CIV. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). The Court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record. *Lewis v. Zon*, 573 F.Supp.2d 804, 811 (S.D.N.Y. 2008); *Nelson v. Smith*, 618 F.Supp. 1186, 1189 (S.D.N.Y. 1985).

In addition, "[t]o the extent . . . that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the [R&R] strictly for clear

error." *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-cv-6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); *see also Toth v. N.Y. City Dep't of Educ.*, No. 14-cv-3776, 2017 WL 78483, at *7 (E.D.N.Y. Jan. 9, 2017) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition." (quoting *Ortiz v. Barkley*, 558 F.Supp.2d 444, 451 (S.D.N.Y. 2008))), *vacated on other grounds sub nom. Toth on behalf of T.T. v. City of New York Dep't of Educ.*, ––– Fed.Appx. –––, No. 17-383-cv, 2018 WL 258793 (2d Cir. Jan. 2, 2018); *Frankel v. City of N.Y.*, Nos. 06-Civ.-5450, 07-cv-3436, 2009 WL 465645, at *2 (S.D.N.Y. Feb. 25, 2009) ("When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the [R&R] strictly for clear error."); *Pall Corp. v. Entergris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (holding that if the objecting party "makes only conclusory or general objections, ... the Court reviews the [R&R] only for clear error" (internal citations omitted)).

"The goal of the federal statute providing for the assignment of cases to magistrates is to increase the overall efficiency of the federal judiciary." *McCarthy v. Manson*, 554 F.Supp. 1275, 1286 (D. Conn. 1982) (internal citations omitted), *aff'd*, 714 F.2d 234 (2d Cir. 1983). "There is no increase in efficiency, and much extra work, when a party attempts to relitigate every argument which it presented to the Magistrate Judge." *Toth*, 2017 WL 78483, at *7 (*quoting Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F.Supp. 380, 382 (W.D.N.Y. 1992)).

**B. APPLICATION TO THE FACTS OF THIS CASE.**

As a preliminary matter, the Defendants raised each of their objections almost verbatim before Judge Shields. In their opposition to the Plaintiffs' motion to remand, the Defendants argued: (1) there was no risk of multiple litigations because "Plaintiffs had every reason to include

6

the Allstate Employee Defendants in the Original Complaint but did not," ECF 14 at 16–17; (2) destroying diversity was the Plaintiffs' sole motivation for remand as evidenced by the filing of the Amended Complaint "within minutes of their Remand Motion," *id.* at 17–18; and (3) "as set forth in Allstate's Motion to Dismiss the Amended Complaint, Plaintiffs causes of action against the Allstate Employee Defendants fail as a matter of law," *id.* at 20. Judge Shields considered and rejected each argument. R&R at 9–12. Objections are not a vehicle for appealing every finding of the magistrate judge that a litigant finds disagreeable. Because the Defendants put forward nothing overlooked or misunderstood by Judge Shields, the Court reviews the R&R for clear error. Finding none, the Court concurs with Judge Shields's reasoning.

Nonetheless, the Court reaches the same conclusion as Judge Shields under a *de novo* review of the Defendants' arguments. The Defendants' objections relate to her assessment of whether joinder would comport with principles of fundamental fairness. When conducting such an analysis, courts must balance the following four factors: (1) whether the plaintiff has unduly delayed moving to amend and its reason(s) for doing so; (2) whether the defendants will be prejudiced by remand; (3) whether there is a likelihood of multiple litigations in the event that joinder is not ordered; and (4) whether the plaintiff was motivated to amend to destroy jurisdiction. *Gursky*, 139 F.R.D. at 282. The factors, though not exclusive, aid the Court in "weigh[ing] the competing interests in efficient adjudication and the need to protect diversity jurisdiction from manipulation." *Abraham Nat. Foods Corp. v. Mount Vernon Fire Ins. Co.*, 576 F. Supp. 2d 421, 425 (E.D.N.Y. 2008). In the Court's view, all four factors favor the Plaintiffs.

The Defendants make no objections to the R&R's application of the first two factors. Starting with the third factor, the Defendants contend that there is no risk of multiple litigations because the Plaintiffs' claims against Allstate overlap with their claims against the individual

7

defendants. However, the Defendants have the analysis backwards. The existence of overlapping factual and legal issues weighs in favor of remand, not against it. *See Vanderzalm v. Sechrist Indus., Inc.*, 875 F. Supp. 2d 179, 186 (E.D.N.Y. 2012) (Spatt, J.) ("Where, as here, the cases arise from the same transaction and are governed by the same state law, courts generally find that this factor weighs in favor of remand in the interest of judicial economy."); *Bruno v. Zimmer*, Inc., No. 15-cv-6129, 2017 WL 8793242, at *17 (E.D.N.Y. Aug. 11, 2017) ("In light of the overlapping factual and legal issues involved in this case, the Court finds that judicial economy will be furthered by preventing the proliferation of multiple litigations."), *report and recommendation adopted*, 2018 WL 671234 (E.D.N.Y. Feb. 1, 2018).

Turning to the fourth factor, "[w]here the other three factors are met, this Court is required to remand the action to state court 'unless a plaintiff seeks to add a non-diverse party solely to destroy the court's basis for diversity jurisdiction.'" *Durstenberg v. Electrolux Home Prod., Inc.*, No. 15-cv-9277, 2016 WL 750933, at *2 (S.D.N.Y. Feb. 23, 2016) (quoting *Balfour v. Quest Diagnostics Inc.*, No. 11-cv-4701, 2012 WL 335666, at *2 (S.D.N.Y. Feb. 1, 2012)). However, "where there is no evidence that the proposed joinder would be fraudulent or improper, the mere desire of a plaintiff to litigate in state court is insufficient to warrant denial of the plaintiff's motion." *Graves v. Home Depot U.S.A., Inc.*, No. 12-cv-3816, 2013 WL 2357205, at *5 (S.D.N.Y. May 24, 2013) (collecting cases).

Here, the Plaintiffs contended that they learned additional facts subsequent to filing the Complaint, and Judge Shields found that explanation defeated the inference that the Plaintiffs were motivated to join the individual defendants solely to defeat diversity jurisdiction. R&R at 9–10. Somewhat persuasively, the Defendants respond that the Plaintiffs knew of all of the facts alleged in the Amended Complaint at the time they filed the Original Complaint, such that they cannot be

8

considered new information. However, to withstand scrutiny under the fourth factor, plaintiffs only need to present "a good faith and plausible basis" for suing the joined defendants. *Graves*, 2013 WL 2357205, at *6 *see also Abraham Nat. Foods Corp.*, 576 F. Supp. 2d at 426 (permitting joinder when the Plaintif "reasonably assert[ed]" an explanation for joining non-diverse defendants). The Court finds the Plaintiffs' contention that the individual defendants originally told Nocella they took no part in his termination sufficiently credible to conclude that destroying diversity was not the Plaintiffs' <u>sole</u> motivation. *See* ECF 8 at 10.

Importantly, the burden of proof on this factor is allocated to the Defendants, who must put forward some evidence of bad faith on the Plaintiffs' part. *See Roll On Express, Inc. v. Travelers Indem. Co. of Connecticut*, No. 09-cv-213, 2009 WL 1940731, at *6 (E.D.N.Y. July 2, 2009) ("Apart from defendant's conclusory accusations, here, as in the aforementioned three cases, the record contains no evidence of bad faith on the part of plaintiff. Therefore, plaintiff's motivation for its request to add Kurby and AlliancePlus is not improper and supports joinder of those defendants."); *Gursky*, 139 F.R.D. at 283 (permitting joinder where an "analysis of the present case reveals no evidence that plaintiff seeks to join the non-diverse parties solely to bring about a remand to state court"); *Soto v. Barnitt*, No. 00-cv-3453, 2000 WL 1206603, at *3 (S.D.N.Y. Aug. 23, 2000) ("Where there is no evidence that joinder would be fraudulent or improper, this assertion, standing alone, is insufficient to defeat the joinder.").

Citing *McGee v. State Farm Mutual Automobile Insurance Company*, 684 F. Supp. 2d 258 (E.D.N.Y. 2009), the Defendants contend that the contemporaneous filing of the Amended Complaint with the Remand Motion constitutes sufficient evidence of bad faith. *McGee*, however, is inapposite. First, the Court there found that there was no risk of multiple litigations, making the balancing of the factors different than in this case. Second, the plaintiff in *McGee* presented a

9

patently bad faith explanation for adding the joined parties, namely that he amended the complaint to fix a "clerical error" in the original complaint. *Id.* at 246 n.7. Therefore, the Court disagrees that *McGee* establishes a rule that contemporaneous filing of an amended complaint with a motion to remand suffices to demonstrate bad faith on the part of the plaintiff.

Lastly, the Defendants object that the R&R failed to consider that the Amended Complaint fails to state a viable cause of action against the individual defendants during its fraudulent joinder analysis. To show fraudulent joinder, however:

> the defendant must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court. The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff.

*Briarpatch Ltd., L.P. v. Pate*, 81 F. Supp. 2d 509, 516 (S.D.N.Y. 2000) (citing *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 460–61 (2d Cir.1998)). Further, under the fraudulent joinder analysis, "the complaint is subjected to 'less searching scrutiny than on a motion to dismiss for failure to state a claim.'" *Campisi v. Swissport Cargo Services. LP*, No. 09-cv-1507, 2010 WL 375878, at *2 (E.D.N.Y. Jan. 26, 2010) (quoting *Intershoe, Inc. v. Filantro SPA*, 97 F. Supp. 2d 471, 474 (S.D.N.Y. 2000)). In their motion, the Defendants merely cross-referenced their motion to dismiss. The Court is of the mind the Defendants' tact in this regard is plainly insufficient to carry the heavy burden required to show that the claims against the individual defendants are so legally insufficient that they should be considered fraudulent. Upon reviewing the Amended Complaint, the Court concurs with the R&R's assessment that there is some possibility of recovery against the individual defendants, even if slim.

Therefore, the Court finds that joinder of the individual defendants would comport with principles of fundamental fairness.

## III.  CONCLUSION

For the foregoing reason, the Court overrules the Defendants' objections and adopts the R&R in its entirety. The Court grants the Plaintiffs' motion to remand but denies their request for attorney's fees and costs associated with the removal. The Clerk of the Court is respectfully directed to close this case.

**SO ORDERED**.

Dated: Central Islip, New York

March 27, 2019

    /s/ Arthur D. Spatt\_\_\_

ARTHUR D. SPATT

United States District Judge